# WILLIAM SHENNEFIELD *et al.*

## *v.*

## ALBERT DUTTON.

1. EVIDENCE—*to show whether note was a partnership debt assumed.* Where one partner sold out his interest to the other two partners, who assumed the payment of all the firm debts, and the retiring partner sued them to recover a note he had paid, executed by himself and one of the other members of the firm, contending it was given for goods, and the defendants contending that it was given for the plaintiff's own debt, and the plaintiff proved by a witness that one of the defendants showed him a list of the firm debts, in which was this note, and such defendant in testifying denied showing such a list, and stated that the only list of debts he ever had was given him by the plaintiff, and that if ever he showed the witness any list it was this, and the defendants then offered such list in evidence as showing no

such firm debt, which the court excluded: *Held*, that the court erred in not admitting the same.

2. Set-off—*partner's account after dissolution.* Where a co-partnership was dissolved by one selling all his interest in the goods and accounts, except a few which were reserved, to the other two partners, and the books showed an account of the firm against such outgoing partner, which was not excepted, in a suit by the latter against the other two it was *held*, that the amount of the account was a proper set-off, and that it was error to refuse testimony showing its amount.

Appeal from the Circuit Court of Effingham county; the Hon. James C. Allen, Judge, presiding.

Messrs. Gilmore & White, for the appellants.

Messrs. Wood Bros., for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

Albert Dutton, William Shennefield and Jerry Oliver, having, for some time, been in co-partnership, under the firm name of Dutton, Shennefield & Co., upon the dissolution thereof, on January 1, 1874, entered into the following agreement, in writing:

" This agreement witnesseth, that the undersigned agree on the following terms and conditions: Albert Dutton agrees to sell his undivided one-half of the stock of goods now in the brick store house in Altamont, to William Shennefield and Jerry Oliver, on the following conditions: Shennefield and Oliver are to take the goods and assume all the debts of the firm of Dutton, Shennefield & Co., and receive all the book accounts of said firm, with the exception of the accounts of A. H. Dutton, Jerry Reynolds, Irena Dutton, Sam. Thompson, Wm. Tuley, H. H. Wright and J. P. Stover—the said Shennefield and Oliver to get immediate possession of said goods and books.

" Albert Dutton,

Altamont, *Jan.* 1, 1874.          " Shennefield & Co."

Dutton afterward brought suit against Shennefield and Oliver upon the agreement, the declaration alleging, as in

breach of the agreement, that a note for $1000, executed by Dutton and Shennefield to one Stover, due August 4, 1874, was for goods with which Dutton, Shennefield & Co. began business; that it was a debt of that firm, executed in the same manner as were all notes of the firm, and should have been paid by Shennefield and Oliver, under the agreement, as a debt of the firm; that Dutton had been compelled to pay the note. The suit was to recover the amount of the note he had thus paid, with interest and costs. The plaintiff recovered a verdict and judgment for $1213.75, and the defendants appealed.

The chief point of dispute was, whether the note was a firm debt or given for a private debt of Dutton, and Shennefield but a surety for him upon the note.

The testimony was conflicting. The witness Wright, on behalf of the plaintiff, testified, that before the making of the above agreement, both the defendants requested him to take a proposition on the subject to Dutton, by which, among other things, they would assume the indebtedness of the firm, and that they showed him a list of the firm debts, at the head of which, as the first claim, stood this note of $1000 to Stover. The defendants denied showing any such list to Wright. The defendant Oliver testified, further, that he did not think he ever showed Wright any list of firm debts at all; that Dutton gave him a list of the firm debts a few days before the dissolution, which list he then, at the time of testifying, had; that the Stover note was not on the list; that if he ever did show Wright any list of firm debts, it was this list; that he never had any other, and that it was made out by Dutton. Defendants then offered to introduce the paper containing this list of the firm debts as the one shown to Wright, if any was shown; but, upon plaintiff's objection, on the ground that the witness had stated he had shown no list to Wright, the court sustained the objection, and excluded the paper from the jury, to which exception was taken. In the conflicting state of the testimony, this paper was quite material evidence, and should have been received. Although the witness had, at first, stated that he

had shown no list to Wright, he subsequently testified as above set forth. The ground of objection to the offered evidence was manifestly insufficient.

There was a plea of set-off, that, at the time of the making of the agreement, the plaintiff was indebted to the firm, on book account, in the sum of $4000, which the plaintiff, at the time, agreed that the defendants should receive, and that he had neglected and refused to pay the same, on which issue was joined.

The defendant Oliver testified, that at the time of the making of the agreement sued on, the plaintiff was indebted to the firm on book account, which he had never paid, and on inquiry how much, the plaintiff objected to the witness answering the question, and the court sustained the objection, and excluded the question, to which exception was taken.

This testimony was improperly excluded. By the terms of the agreement, the defendants were to receive all the book accounts of the firm, with the exception of a few specified ones, not including that of plaintiff, and whatever book account of the firm there was against the plaintiff, he was bound, by the agreement, to pay it to the defendants, and the amount of it should have been suffered to be proved.

The objection that this involved an unsettled partnership transaction, for which a suit at law can not be maintained, is without force. It does not so appear. The payment of the account was the subject of a specific agreement. The written agreement executed between the parties would appear to be a full settlement of the partnership concern.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*